Dykman, J.
This is an action for the recovery of damages for causing the death of the plaintiff’s intestate. The defendants are contractors with the aqueduct commissioners for the construction of the northerly portion of the new Croton aqueduct, commencing at Croton lake, in Westchester county; and in their contract they stipulated to furnish all facilities for the visitation and inspection of the work while it was in progression. Such examination and inspection was made by engineers in the employ of the city, under the control of the chief engineer of the aqueduct commission, and the deceased.Mr. Moms, one of the engineers engaged in that service at the time of his death; and it was his duty in that position to inspect the work done by the defendants, and to see that it was performed in compliance with their contract.
The defendants in the performance of their contract were engaged in the excavation of a shaft from the north, and as the material was loosened it was removed by cars attached to a cable, and drawn out by power furnished by a stationary engine at the portal of the excavation, and the engineers in charge of the work for the commissioners, including the deceased, descended the shaft by these cars, which were under the charge and management of the employees of the defendants.
On the day of the accident, as the car was about to commence its descent into the cavern, the deceased, with *833 another engineer, stepped upon the rear portion of the car to make the descent with it, and the person in charge shoved it off and got on then himself upon the front car, without stopping the train, and they discovered nothing wrong or disorderly until they had proceeded about a hundred feet and commenced running on a steep incline, when they found by the increase of the speed that the cable had not been attached to the cars. The man then in charge attempted to apply the brake, but without effect. The car continued to move rapidly until it collided with other cars on the track, when the deceased was precipitated from the car and sustained the shock which caused his death.
The trial resulted in a verdict for the plaintiff, and the defendants, on this appeal from the judgment and order denying their motion for a new trial, insist that they owed the deceased no duty and were guilty of no negligence, and that the deceased contributed to and brought about the injury that caused his death.
It is to be remarked in relation to the first question presented, that the defendants were under an obligation resulting from their contract to furnish facilities for the inspection of their work, and if they acquiesced in the utilization of these cars by the engineers for that purpose, that was a sufficient adoption or provision of a mode for the fulfillment of that portion of their contract, which would require diligence and care in its execution.
So all the questions involved were questions of fact for the solution and determination of the jury, and they were all submitted to that body, and were all solved against the defendants.
The jury was charged distinctly that the defendants had the option to select their own facilities for the inspection of their work, but if they allowed the engineers to use these empty cars to go down to the work, and that was a method permitted by these defendants, then the engineers had the right to be upon the car, and it was the duty of the defendants to exercise proper diligence in sending it into the tunnel.
And then the case on this point went to the jury on the question of negligence in the management of the car in its descent on the occasion in question, and the jury was instructed that the negligence of the servant would be imputed to the master, if any was found.
These instructions seem to embody the sensible rule, and we find no error in their diffusion.
On the question of contributory negligence, the jury was fully and fairly instructed, and none of the exceptions to the charge are well taken.
*834 The motion for a nonsuit was properly overruled, and the judgment should be affirmed, with costs.
Pratt, J., concurs; Barnard, P. J., not sitting.